**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MARTIN SOUZA, | ) | Case No.: 2:09-cv-02392-GMN-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This case arises out of the 1991 seizure of Plaintiff's money by the Drug Enforcement Administration ("DEA"), a 1993 stipulation of partial return of that money, and two failed Rule 60(b)(4) motions filed in 2006 to void the stipulated judgment. Pending before the Court is Plaintiff's Motion for Certificate of Appealability (ECF No. 18) pursuant to Rule 54(b). Plaintiff seeks to appeal not the underlying stipulated judgment but the Magistrate Judge's previous denial of Plaintiff's motion to proceed in forma pauperis.

IT IS HEREBY ORDERED THAT Plaintiff's Motion is DENIED.

## FACTS AND PROCEDURAL HISTORY

In November 1991, DEA agents seized $151,720 in cash from Plaintiff Martin Souza in Las Vegas, Nevada. (Compl. 1, ECF No. 1). Plaintiff was never charged with a crime, but he stipulated to a partial return of the cash, which a court—presumably a court of this District—approved on February 13, 1993. (*Id.* 2). Under the stipulation, Plaintiff forfeited $21,720 of the cash and agreed to release the United States from any further claims. (*Id.*). In April 2006, Plaintiff filed two motions to void the stipulated judgment for lack of subject matter jurisdiction; the motions were denied. (*See id.* 2–3). Plaintiff's appeal to the Ninth Circuit was eventually dismissed for lack of prosecution because Plaintiff did not pay the $455 filing fee. (*Id.* 3).

Plaintiff alleges that the cash had been collected to promote a wrestling match and had no connection to drug trafficking. (*Id.* 4). He argues that the stipulation was made "under duress" and that he had to hire a lawyer to defend his property from the government's wrongful seizure. (*Id.*).

Plaintiff sued the United States in this Court on several causes of action. First, Plaintiff accuses the United States of a RICO violation, alleging the two predicate acts as (1) "[a]rmed robbery" via the original seizure of his money and (2) "extortion" via the stipulated judgment. (*Id.*). Next, Plaintiff accuses Defendant of violations of: (1) the Bills of Attainder Clause; (2) the First Amendment rights to Petition the Government and of Free Speech; (3) the Fifth Amendment's Takings Clause; (4) the Sixth Amendment's [sic] right to be secure in one's effects; (5) the Seventh Amendment's right to trial by jury; (6) the Eighth Amendment's prohibition against excessive fines; (7) the Ninth and Tenth Amendment; and (8) the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Finally, Plaintiff discusses his neurological health problems at length but does not appear to allege that such conditions were caused by Defendant.

The magistrate judge ("MJ") ordered Plaintiff to pay the $350 filing fee or submit an application to proceed in forma pauperis ("IFP"). (*See* Mag. J. Order, Jan. 19, 2010, ECF No. 2). Plaintiff filed an IFP application, (*see* IFP Appl., Feb. 19, 2010, ECF No. 6), which the MJ denied without prejudice because Plaintiff failed to include a signed financial certificate by an authorized officer of the prison or a copy of his inmate trust account, (*see* Mag. J. Order, Apr. 29, 2010, ECF No. 7).[1] Plaintiff filed a second IFP application, (*see* IFP Appl., May 19, 2010, ECF No. 9), which the MJ again denied without prejudice because Plaintiff failed to sign the acknowledgement on the application, instead writing on the form that one of the questions

---

[1] Plaintiff is serving a life sentence at the Federal Correctional Institution in Victorville, California. *See Inmate Locator*, Federal Bureau of Prisons, http://www.bop.gov/iloc2/ LocateInmate.jsp (last visited July 27, 2010).

1  violated the First Amendment, (*see* Mag. J. Order, June 11, 2010, ECF No. 12).  The MJ gave

2  Plaintiff one final attempt to complete his application or have his application denied with

3  prejudice. (*Id.*).

4        Simultaneously with his second IFP application, Plaintiff had filed a motion for

5  clarification of whether the Court had the ability to force him to pay any amount at all to

6  prosecute his case against the United States in light of the right to petition the government for a

7  redress of grievances. (*See* Mot., May 19, 2010, ECF No. 8 (citing U.S. Const. amend. I)).  The

8  MJ denied that motion on the basis that it requested an advisory opinion. (*See* Mag. J. Order,

9  June 15, 2010, ECF No. 11).  Plaintiff filed a Notice of Appeal as to that order. (*See* Notice

10 Appeal, ECF No. 14).  The Ninth Circuit has issued a time schedule order. (*See* Ct. Appeals

11 Order, July 19, 2010, ECF No. 16).  Simultaneously with the Notice of Appeal, Plaintiff filed an

12 IFP application to proceed in forma pauperis in the court of appeals, (*see* IFP Appl., July 8, 2010,

13 ECF No. 13), which the MJ granted pursuant to Federal Rule of Appellate Procedure 24(a)(3),

14 (*see* Mag. J. Order, July 20, 2010, ECF No. 17).

15       Plaintiff then filed the present Motion for Certificate of Appealability, requesting the

16 Court to certify the First Amendment issues that the magistrate judge denied to clarify, which

17 ruling Plaintiff has appealed to the court of appeals. (*See* Mot., July 26, 2010, ECF No. 18).

## **LEGAL STANDARDS**

19 Rule 54(b) permits a Court to enter judgment after making a ruling partially disposing of

20 a case, or to await its rulings on remaining causes of action in the case before entering judgment,

21 at its discretion:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end

> the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Ninth Circuit recently explained the process:

> Some of our cases use the phrase "Rule 54(b) certification." This is a misnomer born of confusion between Rule 54(b) and 28 U.S.C. § 1292(b), only the latter of which requires a certification. The two procedures apply to different situations. Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved. Pursuant to Rule 54(b), the district court may sever this partial judgment for immediate appeal whenever it determines that there is no just reason for delay. A court of appeals may, of course, review such judgments for compliance with the requirements of finality, but accords a great deference to the district court.

*James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (citations omitted). A court uses a two-step process under Rule 54(b): (1) it determines if the challenged order is a "final judgment"; and (2) it determines whether there is any just reason for delay. *See Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 7 (1980). "Absent a seriously important reason, both the spirit of Rule 1 and the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir. 2005) (reversing a district court's Rule 54(b) certification in a routine, two-party, multiple-claim employment discrimination case). The *Wood* Court stated:

> This is not a complicated case. It is a routine employment discrimination action. In such cases it is typical for several claims to be made, based on both state and federal law, and for several theories of adverse treatment to be pursued. It is also common for motions to be made for summary judgment, and to be granted in part and denied in part as district judges trim and prune a case to focus on what really is at issue for trial. At least in our experience, requesting—or granting a request for—certification in ordinary situations such as this is not routine. We believe it should not become so. As put by the Supreme Court, "[p]lainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."

*Id.* at 879 (citation omitted).

Additionally, a court of appeals may grant interlocutory appellate review of an issue without staying proceedings below when a district judge notes in the relevant order that he believes such review is merited:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). A district court cannot itself grant interlocutory review under this statute. A court of appeals may do so in its discretion, but only if the district court's order contains the required language. *See id*.

The two methods of obtaining interlocutory review—Rule 54(b) and 28 U.S.C. § 1292(b)—are often conflated, and the Ninth Circuit has explained the difference between them at length:

> Some of our cases use the phrase "Rule 54(b) certification." This is a misnomer born of confusion between Rule 54(b) and 28 U.S.C. § 1292(b), only the latter of which requires a certification. The two procedures apply to different situations. Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved. Pursuant to Rule 54(b), the district court may sever this partial judgment for immediate appeal whenever it determines that there is no just reason for delay. A court of appeals may, of course, review such judgments for compliance with the requirements of finality, but accords a great deference to the district court.

> By contrast, section 1292(b) addresses the situation where a party wishes to appeal an interlocutory order, such as pertaining to discovery, denying summary judgment, denying a motion to remand, or decertifying a class. Normally, such interlocutory orders are not immediately appealable. In rare circumstances, the district court may approve an immediate appeal of such an order by certifying that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even where the district court makes such a certification, the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently.
>
> Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly. This explains the reasons for the specific form of the certification required of the district court and de novo review thereof by the court of appeals. By contrast, a Rule 54(b) severance is consistent with the final judgment rule because the judgment being severed is a final one, whose appeal is authorized by 28 U.S.C. § 1291. Referring to a Rule 54(b) severance order as a "certification" misleadingly brings to mind the kind of rigorous judgment embodied in the section 1292(b) certification process. In reality, issuance of a Rule 54(b) order is a fairly routine act that is reversed only in the rarest instances.

*James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (citations omitted).

## **ANALYSIS**

Plaintiff does not identify whether he moves for "certification" under Rule 54(b) or 28 U.S.C. § 1292(b). In the present case, no claims have been finally adjudicated, so Rule 54(b) is not available.

Furthermore, even if considered as a justiciable claim as opposed to a request for an advisory opinion, Plaintiff's First Amendment challenge to the IFP requirements is not a controlling question of law as to any of his underlying claims concerning Defendant's allegedly unlawful taking of his money in 1991 and the allegedly unlawful stipulated judgment entered in 1993. The Court therefore denies the motion for a certificate of appealability. Interlocutory

review of the First Amendment question will not materially advance the ultimate termination of the litigation, but only perhaps shorten its duration. *See In re Cement Antitrust Litig.(MDL No. 296)*, 673 F.2d 1020, 1027 (9th Cir. 1982) (holding that a recusal order was "collateral to the basic issues of th[e] case" and that "[a]t best, all that can be said is that if the recusal decision was erroneous and can be overturned immediately upon appeal, some time at the district court level may ultimately be saved").  The Ninth Circuit noted the "congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases" and explicitly rejected the view that mere time-saving could satisfy the requirements of § 1292(b), because such a view would "essentially read[] the 'controlling question of law' requirement out of section 1292(b)." *Id.* Review of issues collateral to the underlying claims are permitted only in exceptional cases. *Id.* at 1027 n.5.

Also, there is no substantial ground for a difference of opinion that fees imposed under the IFP statute, 28 U.S.C. § 1915, are constitutional under the First Amendment and other constitutional provisions. The Ninth Circuit has upheld the filing fee provisions against a broad constitutional challenge. *See Taylor v. Delatoore*, 281 F.3d 844, 849–50 (9th Cir. 2002).  The *Taylor* court also noted that "[s]everal circuits have already considered constitutional challenges to § 1915(b) and have uniformly concluded that the PLRA fee filing requirements pass constitutional muster. . . . We agree." *Id.* at 848 (citing with approval *Tucker v. Branker*, 142 F.3d 1294, 1299, 1301 (D.C. Cir.1998) (holding that § 1915(b) does not violate right of  access to the courts or right to equal protection); *Lucien v. DeTella*, 141 F.3d 773, 775–76 (7th Cir. 1998) (holding that § 1915(b) does not violate right of  access to the courts); *Shabazz v. Parsons*, 127 F.3d 1246, 1248–49 (10th Cir. 1997) (same); *Norton v. Dimazana*, 122 F.3d 286, 289–91 (5th Cir.1997) (same); *Nicholas v. Tucker,* 114 F.3d 17, 20–21 (2d Cir.1997) (holding that § 1915(b) does not violate right of  access to the courts or right to equal protection, or rights under the First Amendment); *Mitchell v. Farcass*, 112 F.3d 1483, 1489–90 (11th Cir. 1997)

(holding that § 1915(b) does not violate the Equal Protection Clause); *Roller v. Gunn*, 107 F.3d 227, 230–34 (4th Cir. 1997) (holding that § 1915(b) does not violate right of access to the courts or right to equal protection); *Hampton v. Hobbs*, 106 F.3d 1281, 1284–88 (6th Cir. 1997) (holding that § 1915(b) does not violate right of access to the courts or rights under First Amendment, Due Process Clause, Equal Protection Clause, and Double Jeopardy Clause)).

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Certificate of Appealability (ECF No. 18) is DENIED.

DATED this 1st day of October, 2010.

_____
Gloria M. Navarro
United States District Judge