**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARTIN SOUZA,<br><br>                    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | Case No. 2:09-cv-02392-GMN-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

Plaintiff Martin Souza is proceeding in this action *pro se* and *in forma pauperis*. Although Plaintiff's Complaint was filed on December 18, 2009, Plaintiff did not pay the filing fee or file an Application to Proceed *In Forma Pauperis*. Plaintiff only recently filed a completed Application to Proceed *In Forma Pauperis* (Dkt. #13), which the court approved in an Order entered October 27, 2010, and directed Plaintiff to pay a partial initial filing fee in the amount of $224.23. Plaintiff paid the initial filing fee on November 12, 2010. The court will now screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915.

Plaintiff's Complaint represents that in November 2001, agents of the Drug Enforcement Administration seized $151,720 from him at the McCarren International Airport. He asserts that no criminal charges were ever filed against him. On December 7, 1992, Plaintiff filed a Motion for the Return of Property pursuant to Rule 41 of the Federal Rules of Criminal Procedure, seeking the return of the seized funds. *See* Case No. 2:92-cv-01017-PMP (the "1992 Case"), Dkt. #1. On February 8, 1993, the court entered an Order (Dkt. #4) in the 1992 Case approving a Stipulation (Dkt. #3) of the parties, which provided the government would return $130,000 of the seized currency and the $5,000 cost bond to Plaintiff through his counsel, Jeffrey Ian Shaner. Plaintiff stipulated to the forfeiture of $21,720 to the United States and agreed to hold the United States harmless for, and released, "any and

all claims, rights or causes of action of any kind" related to the seizure and forfeiture of the funds. *See* Dkt. ##3, 4 in 1992 Case.

Subsequently, on April 4, 2006, Plaintiff filed a Motion Under Rule 60(b)(4) to Void Judgment for Lack of Jurisdiction (Dkt. #6) in the 1992 Case, contending the court's Order (Dkt. #4) approving the parties' Stipulation (Dkt. #3) should be vacated because the government misrepresented and deceived Plaintiff, and the court lacked jurisdiction to approve the Stipulation. On October 5, 2006, the court entered an Order (Dkt. #12) denying Plaintiff's Motion to Void Judgment. Plaintiff appealed (Dkt. #14), and the appeal was dismissed because Plaintiff failed to prosecute it (Dkt. #18).

Plaintiff's Complaint in this matter again seeks to recover the entirety of the funds that were seized from him in 1992. Plaintiff claims the government's withholding of the $21,720 pursuant to the Stipulation violates various amendments of the United States Constitution as well as the civil Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964. Plaintiff claims he was robbed and extorted out of the $21,720. Plaintiff seeks treble damages, interest, and attorney's fees Plaintiff paid to his attorney in 1992.

Plaintiff's Complaint names the United States of America as the Defendant in both the 1983 claims and the RICO claim. As a general matter, the federal government may not be sued unless it has waived immunity or consented to suit. The United States has only waived sovereign immunity to a limited extent, mainly through the Federal Tort Claims Act (which waives immunity if a federal employee commits a tort) and the Tucker Act (which waives immunity over claims arising out of contracts to which the federal government is a party), neither of which apply here. Accordingly, it will be recommended that Plaintiff's Complaint against the United States be dismissed.

Furthermore, Plaintiff's 1983 claim is also time-barred. Although section 1983 does not provide a specific statute of limitation, 42 U.S.C. § 1988 provides that where the federal law does not provide a statute of limitations, state law shall apply. The Supreme Court has held that in the interest of national uniformity and predictability, all section 1983 claims shall be treated as tort claims for the recovery of personal injuries. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Owens v. Okure*, 488 U.S. 235 (1989). In Nevada, the personal injury statute of limitations is two years. *See* N.R.S. 11.190(4)(e).

///

Here, Plaintiff alleges the government conduct occurred in 1991–ten years ago. Thus, any claim Plaintiff could bring under section 1983 is time-barred.

Similarly, Plaintiff's RICO claim is also time-barred. Although the RICO Act does not provide an express statute of limitations, the United States Supreme Court has held that a four-year statute of limitations applies to actions brought under the RICO Act. *See Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 155 (1987). Here, Plaintiff alleges the government conduct occurred in 1991–ten years ago. Thus, any claim Plaintiff could bring under the RICO Act is time-barred.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED.

Dated this 28rd day of February, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.