# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARTIN SOUZA,                          )

               Plaintiff,              )

     vs.                               )

UNITED STATES OF AMERICA,              )

          Defendant.              )

_____ )

Case No.: 2:09-cv-02392-GMN-PAL
Appellate Case No. 11-16178

**REVOCATION OF IN FORMA PAUPERIS STATUS**

      This matter was referred by the appellate court to the district court for the limited purpose of determining whether *in forma pauperis* status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. American Airlines,* 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous).

      Plaintiff's Complaint in this matter seeks again to recover the entirety of the funds that were seized from him by the Government 20 years ago despite his agreement to forfeit a portion of the funds.  On February 8, 1993, an Order was entered in Case No. 2:92-cv-01017-PMP (the "1992 Case"), approving a Stipulation of the parties, which provided the Government would return $130,000 of the seized currency and the $5,000 cost bond to Plaintiff through his counsel, Jeffrey Ian Shaner.  Plaintiff stipulated to the forfeiture of $21,720 to the United States and agreed to hold the United States harmless for, and released, "any and all claims, rights or causes of action of any kind" related to the seizure and forfeiture of the funds.   Thirteen years later, on April 4, 2006, Plaintiff filed a Motion to Void Judgment which was dismissed because Plaintiff failed to prosecute it.

Plaintiff now claims the Government's withholding of the $21,720 pursuant to the 1993 Stipulation violates various amendments of the United States Constitution as well as the civil Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964. However, the Government has not waived immunity or consented to suit.  Furthermore, a four-year statute of limitations applies to actions brought under the RICO Act and in the State of Nevada, the personal injury statute of limitations is two years.  Here, Plaintiff alleges the Government conduct occurred in 1991 – twenty years ago.  Accordingly, Plaintiff's claim is time-barred.

Therefore, this district court finds that the instant appeal is frivolous or taken in bad faith and that *in forma pauperis* status should be revoked. *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. American Airlines,* 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous).

DATED this 20th day of May, 2011.

_____
Gloria M. Navarro
United States District Judge